IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2018 MAY -7 P 2: 57
U.S. DISTRICT COURT
NEW HAVEN, CT.

IN RE: SUBPOENA TO j2 GLOBAL, INC.
N-18-1-77 (Control #182)

Misc. No.

**Filed Under Seal**

## APPLICATION FOR ORDER COMMANDING J2 GLOBAL, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA

The United States requests that the Court order J2 Global, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the attached subpoena) of the existence of the attached subpoena for 360 days.

J2 Global, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached grand jury subpoena (N-18-1-77, Control #182, which will not be included in the sealing envelope), that requires J2 Global, Inc. to disclose certain records and information to the Grand Jury. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order is appropriate because the attached subpoena relates to the U.S. Marshals Service's ongoing investigation of a target for falsely representing he is a U.S. Marshal and for threatening a person with arrest for missing jury duty and contempt of court. This investigation is not public and its disclosure may alert the target(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena

will seriously jeopardize the investigation, including by: giving the target(s) an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the target(s) under investigation could destroy that evidence, including information saved to his personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing J2 Global, Inc. not to disclose the existence or content of the attached subpoena, except that J2 Global, Inc. may disclose the attached subpoena to an attorney for J2 Global, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure will seriously jeopardize the investigation.

Executed on May 4, 2018.

PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct03192
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821 3742 / (203) 773 5376 (fax)
Peter.Jongbloed@usdoj.gov